BELSOME, J.,
dissents with reasons.
|,I respectfully dissent from the májority opinion. In particular, I find that the trial court erred in denying Crescent City’s claim for special reimbursement against the defendants, Beverley Industries, LLC and Gray Insurance Company.
On appeal, Crescent City bore the burden of proving that the case was “atypical in nature due to case acuity causing unusually high charges when compared to the provider’s usual case mix.” The OWC trial judge found that Crescent City failed to meet its burden of proof. In her reasons for judgment, the OWC trial judge highlighted the fact that three-level fusions were infrequent at Crescent City. Yet, she found that Crescent City did not establish that it was entitled to special reimbursement consideration because the case comparisons offered were less severe and did not involve the “same complicated surgical procedure.”
Though the jurisprudence interpreting LAC 40:I.2519(B) is limited, in City of Shreveport v. Lifecare Hospitals, 39,785, p. 10 (La.App. 2 Cir. 6/29/05), 907 So.2d 837, 843, the second circuit likened the term “acuity” to “acuteness,” and construed it to mean “severity.”[1] In addition, the First *1263 Circuit, in Gray Ins. Co., 96—1637, 696 So.2d at 579, explained that when determining whether a case is atypical as compared to the providers usual case mix, the test requires more than determining whether the surgery is typical when compared to other surgeries performed on the same area of the body. In particular, the Gray Court stated:
Neither the Administrative Code nor Louisiana jurisprudence assists us in interpreting the test for special reimbursement under Title 40, Section 2519, of the Administrative Code. We are certain, however, that the test encompasses more than whether a surgery is typical when compared to other surgeries involving the same area of the body.
Id., 96-1637, 696 So.2d at 579.
Here, the trial judge interpreted LAC 40:I.2519(B) to mean that evidence of the same surgical procedure was required in order for Crescent City to establish a comparable case mix. We find nothing in the language of LAC 40:I.2519(B) that requires such comparisons when the evidence establishes that the provider did not customarily perform those types of surgeries. All that is required to meet the criteria is evidence of the provider’s usual case mix. Given that the trial judge erroneously interpreted LAC 40:I.2519(B) and imposed a higher burden of proof, a de novo review of the record is warranted.
The facts are largely uncontested. Mr. Mitchell’s surgery, though complex, was routine and without complication.[2] At trial, the Chief Financial Officer for Crescent City, Jeff Morris, testified that Mr. Mitchell’s case was compared to the average cases at Crescent City, which were mostly outpatient procedures and observations. Mr. Mitchell’s surgery could not be compared to other three-level fusions, because they are extremely rare at Crescent City.
Mr. Mitchell’s surgery lasted in between six and eight hours, whereas the average operating time at Crescent City was just over an hour. He was hospitalized for three days rather than the average one day. His fusion required 37 Rimplants compared to the average 13 implants in a single lumbar fusion. The cost of supplies and implants was approximately $37,750.00 more than the average case, and $25,500.00 more than the average lumbar case. Consumption of resources was also several hundred percent higher, in every category, than the average case. As a result of these comparisons, Mr. Morris verified that Mr. Mitchell’s case consumed an unusually high amount of resources compared to Crescent City’s usual case mix. Under these facts and circumstances, we find that Mr. Mitchell’s case was atypical for Crescent City due to case severity, which caused unusually high charges when compared to Crescent City’s usual case mix.
To substantiate the trial court’s ruling, the appellees argue that in allowing Crescent City special reimbursement for a routine three-level fusion, any three-level fusion would automatically qualify for special reimbursement. We disagree. Entitlement to special reimbursement consideration should be determined on a case-by-case basis, contemplating the procedure in conjunction with the case mix of the facility performing the procedure. The application of those factors to this case warrants special reimbursement consideration.
*1264 In support of their argument, the appel-lees cite to Gray. Unlike Gray, the provider in this case presented comparative evidence regarding its usual case mix. Therefore, we are able to determine case acuity in relation to the provider’s usual case mix, as required by LAC 40:I.2519(B).
In light of the evidence presented, Crescent City met its burden in proving that Mr. Mitchell’s case was “atypical in nature due to case acuity causing unusually high charges when compared to the provider’s usual case mix.” Accordingly, I would find that Crescent City is entitled to special reimbursement 1 consideration. For these reasons, I would reverse the OWC judgment and render a judgment in the amount of $59,705.85.[3]
JENKINS, J., dissents for the reasons assigned by BELSOME, J.

. Meanwhile the court in Gray Ins. Co. v. St. Charles General Hosp., 96-1637 (La.App. 1 *1263 Cir. 6/20/97), 696 So.2d 577, 579, construed "acuteness” in the medical sense to mean "having a short and relatively severe course.”

. The record reveals that Mr. Mitchell suffered some hip joint inflammation post-surgery; however, his surgeon testified that a three-day stay was average. Thus, Mr. Mitchell’s stay was not lengthened by this minor complication.

. The record is clear and both parties agree to the amount in dispute.